### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| ADAM M. GLOWKA, | ) |
| | ) |
|       **Plaintiff,** | ) |
| v. | )     **Civil Action No. 5:14-18500** |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On June 16, 2014, Plaintiff, acting *pro se* and formerly incarcerated at FCI Beckley, located in Beaver, West Virginia, filed his Complaint in this matter seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) First, Plaintiff alleges he is entitled to relief under the FTCA because he suffered a personal injury due to the negligence of Medic Jeffrey Walker, an employee of the BOP. Second, Plaintiff alleges he is entitled to relief under Bivens because Defendants violated his First, Fifth, and Eighth Amendment rights. Having considered Plaintiff's claims upon screening under 28 U.S.C. § 1915A, the undersigned has determined that Plaintiff's Bivens claim alleging violations of the First and Fifth Amendments should be dismissed and this matter should be referred back to the undersigned for further proceedings upon Plaintiff's FTCA claim and Bivens claim alleging a violation of the Eighth Amendment.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## PROCEDURAL AND FACTUAL BACKGROUND

In his Complaint, Plaintiff names the following as Defendants: (1) United States of America; and (2) Medic Jeffrey Walker. (Document No. 1, p. 2.) Plaintiff alleges that Defendants acted with negligence and deliberate indifference by striking him with the medical transport vehicle and failing to provide medical treatment for his injuries. (Id., pp. 2 - 5.) Plaintiff explains that on June 17, 2013, he was hit by the medical transport vehicle while he was standing in the "pill line." (Id., pp. 2 - 3.) Plaintiff states that Defendant Walker was "seated comfortably, leaning back in the drivers seat, with his feet placed upon the steering wheel area, or dash board, and not in any manner operating or potentially operating the medical vehicle." (Id., p. 2.) Plaintiff explains that during a conversation with another inmate, Defendant Walker "tried to re-adjust his position, in doing so, [he] leaned forward [placing] his feet down on the vehicle's floor board and the vehicle abruptly came lurching forward." (Id., pp. 2 - 3.) Plaintiff claims that the medical vehicle "came slamming" into Plaintiff's right side with "tremendous force." (Id.) Plaintiff explains that "there was another inmate directly in front of Plaintiff that was in a wheel chair" and "the wheel chair got viciously struck and was pushed violently against the natural direction of travel causing it to break." (Id., p. 3.) Plaintiff acknowledges that "[a]s soon as the Defendant, Medic Walker, got the vehicle to stop, he abruptly reversed the vehicle, parked it, secured it and exited the vehicle." (Id.) Plaintiff complains that Defendant Walker "quickly responded to the inmate in the wheel chair," but failed to evaluated and render aid to Plaintiff. (Id., p. 4.) Plaintiff states that the impact injured his right arm, "which was already injured and needing surgery," and his right hip. (Id., p. 3) Plaintiff asserts that "[t]his caused Plaintiff severe pain immediately, and in the forthcoming months until present." (Id.)

Following his injury, Plaintiff states that "he returned to his Unit after getting his medication,

and reported his injury immediately to the nearest officer." (Id., p. 4.) Plaintiff explains that he was ordered to return to Medical but "he was approached angrily by Defendant Walker." (Id.) Plaintiff alleges that Defendant Walker inquired as to why Plaintiff did not "say something when [he] was walking the inmate in the wheel chair in." (Id., pp. 4 - 5.) Plaintiff states that he was evaluated by Medic Roberts and an Injury Assessment was completed. (Id., p. 5.) Although Plaintiff allegedly informed Roberts of the "numbness and tingling in his right hand and hip area," Plaintiff states that "the exam was completed within 2 ½ minutes." (Id.) Since his injury, Plaintiff alleges that "the Medical Department has basically refused medical treatment." (Id., p. 7.) Plaintiff claims that his previously scheduled surgery was cancelled because his "orthopedic surgeon stated that the surgery was necessary, but not at this time." (Id.) Plaintiff asserts that he has "a bone impingement in his right shoulder that was not previously there prior to the incident." (Id.) Plaintiff complains he has requested a copy of his x-ray, but it has never been provided. (Id.) Although Plaintiff acknowledges prior injury to his right shoulder, Plaintiff claims that "the injury has been seriously extended due to this severe negligent act of a Government official." (Id.) Plaintiff further states that he has a "substantial amount of pain and joint clicking around the right hip area." (Id.)

Plaintiff alleges that on July 18, 2013, the Special investigative Service [SIS] required him to give a statement concerning the incident. (Id., p. 6.) Plaintiff alleges his First and Fifth Amendment right to remain silent was violated when he was required to give a statement. (Id., pp. 6 - 9.) Plaintiff states that he was not "arrested or given a warning pursuant to Miranda v. Arizona." (Id., p. 6.) As relief, Plaintiff requests compensatory and punitive damages. (Id., p. 10.)

By Order entered on June 17, 2014, the undersigned noted that Plaintiff had neither paid the filing and administrative fee nor submitted an Application to Proceed *in Forma Pauperis* or Without

3

Prepayment of Fees. (Document No. 3.) Thus, the undersigned ordered Plaintiff to either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400 or obtain approval to proceed *in forma pauperis* or without prepayment of fees. (Id.) Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs on July 7, 2014. (Document No. 4.) By Order entered this day, the undersigned has granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs.

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## **ANALYSIS**

Plaintiff contends that his First and Fifth Amendment right to remain silent was violated

4

when the SIS required him to give a statement concerning his injury. (Document No. 1, pp. 6 and 9.) The First Amendment provides, in pertinent part, that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. Amend. I. "[T]he right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all." Wooley v. Maynard, 430 U.S. 705, 714, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977). A First Amendment protection against compelled speech, however, has been found only in the context of governmental compulsion to disseminate a particular political or ideological message. West Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1948). In the instant case, Plaintiff does not allege that Defendants forced him, through his speech, to affirm a particular political or ideological message. Accordingly, the undersigned finds that Plaintiff has not stated a claim for which relief may be granted under the First Amendment.

The Fifth Amendment of the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . .." The Supreme Court has recognized that the Fifth Amendment may be asserted in response to a deposition question in a civil case when the answer to the question might incriminate the deponent in a future criminal proceeding. Kastigar v. United States, 406 U.S. 441, 444 - 445, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972)(The Fifth Amendment privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."); Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973)(The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official

questions put to him in any other proceeding, civil or criminal, formal or informal, where the answer might incriminate him in future proceedings.") The privilege "does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." Maness v. Myers, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975). In the instant case, Plaintiff acknowledges that he was not charged or arrested as a result of the incident that resulted in his injury. (Document No. 1, p. 6.) Furthermore, Plaintiff fails to indicate how any information concerning his injury might incriminate him in a future criminal proceeding. Accordingly, the undersigned finds that Plaintiff has not stated a claim for which relief may be granted under the Fifth Amendment. The undersigned, therefore, recommends that Plaintiff's First and Fifth Amendment claims be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Bivens claim alleging a violation of his First and Fifth Amendment rights for his failure to state a claim for which relief may be granted and **REFER** this matter back to the undersigned for further proceedings upon Plaintiff's FTCA claim and Bivens claim alleging a violation of his Eighth Amendment rights.

Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have seventeen (17) days (fourteen days, filing of

objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: July 9, 2014.

R. Clarke VanDervort
United States Magistrate Judge